

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH J. JACOBONI

    Plaintiff-Counterdefendant,

vs.                                                                 Case No. 6:02-cv-510-Orl-22DAB

KPMG LLP,

    Defendant-Counterplaintiff.
_____/

## DEFENDANT KPMG LLP'S AMENDED COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 15(a), Defendant-Counterplaintiff KPMG LLP ("KPMG") hereby asserts this Amended Counterclaim against Plaintiff-Counterdefendant Joseph J. Jacoboni ("Jacoboni") and states as follows:

### PARTIES

1. Defendant-Counterplaintiff KPMG is a Limited Liability Partnership organized pursuant to the laws of the State of Delaware.

2. Plaintiff-Counterdefendant Jacoboni has alleged in his Second Amended Complaint that he is a Florida citizen, residing in Lake Mary, Seminole County, Florida.

### JURISDICTION AND VENUE

3. This Court has supplemental jurisdiction over the subject matter of the claims asserted herein pursuant to 28 U.S.C. § 1367(a).

4. Venue in this Court is proper under 28 U.S.C. § 1391(b).

103

## FACTS

5. In September 1997, Jacoboni retained KPMG as a tax advisor in connection with a transaction known as a FLIP Transaction.

6. On September 15, 1997, KPMG sent Jacoboni a draft Engagement Letter regarding Jacoboni's retention of KPMG in connection with Jacoboni's FLIP Transaction. Jacoboni has alleged that he signed the Engagement Letter on July 30, 1998. A copy of the signed Engagement Letter is attached to Jacoboni's Second Amended Complaint at Ex. 4.

7. In the Engagement Letter, Jacoboni agreed to "indemnify KPMG and its affiliates, partners, principals, directors, officers, employees, agents and controlling persons (collectively, the "Indemnified Parties") from and against all losses, claims, damages, and liabilities, including reasonable attorney's fees and other expenses or costs of litigation (collectively, "Damages"), to which the Indemnified Parties may become subject under any applicable federal or state law or other statutes, common law, or otherwise, and arising, directly or indirectly, from this engagement as the result of any assertion by [Jacoboni]."

8. In connection with KPMG's tax consulting services to Jacoboni regarding the FLIP transaction, KPMG provided Jacoboni with a draft Representation Letter that reflected KPMG's understanding of certain facts relating to Jacoboni's FLIP transaction.

9. The purpose of the Representation Letter was to make certain that Jacoboni did not have knowledge of any information contrary to or inconsistent with the representations contained in the draft Representation Letter.

10. KPMG needed such a representation from Jacoboni because the facts reflected in the Representation Letter were to serve as the factual basis for the KPMG opinion letter regarding Jacoboni's FLIP transaction.

11. If Jacoboni was aware of facts that were contrary to or inconsistent with those reflected in the draft Representation Letter that KPMG provided to Jacoboni, it would have been necessary for to KPMG to assess the effect of this new information.

12. On July 29, 1998, Jacoboni sent a signed Representation Letter to KPMG partner Carolyn Branan. The Representation Letter, dated May 15, 1998, is attached at Exhibit 5 to Jacoboni's Second Amended Complaint.

13. At the time he signed the Representation Letter, Jacoboni was aware that KPMG would rely on the representations contained in the Representation Letter in preparing its tax opinion for Jacoboni. In the Representation Letter, Jacoboni specifically "recognize[d] that [KPMG] will rely on this letter in rendering" its tax opinion.

14. Jacoboni has alleged at Paragraph 39(g) of his Second Amended Complaint that his Representation Letter was "replete with false information regarding his personal knowledge of the KPMG/QA Tax Strategy."

15. Jacoboni also retained KPMG to prepare his 1997 tax return. Jacoboni was aware that he had misrepresented facts that supported a position that he ultimately took on his 1997 return.

16. Jacoboni never told KPMG or any of its personnel that his Representation Letter was false or inaccurate in any respect until this dispute arose between KPMG and Jacoboni.

3

17. Jacoboni alleges in his Second Amended Complaint that his 1997 federal income tax return was "illegal and fraudulent."

18. Because of Jacoboni's material misrepresentations of fact, he caused KPMG unwittingly to have played a role in preparing what Jacoboni now claims is an "illegal and fraudulent" tax return.

19. 26 U.S.C. § 7206 and other Code sections punish the filing of false tax returns.

20. KPMG is now subject to audit by the IRS for KPMG's innocent role in preparing a tax return that Jacoboni now claims is "illegal and fraudulent."

21. In 2001, Jacoboni retained KPMG to prepare his federal income tax return and his Florida Intangible Personal Property tax return (collectively "Jacoboni's tax returns").

22. Jacoboni agreed to compensate KPMG for its work in preparing Jacoboni's tax returns.

23. KPMG rendered professional services in connection with the preparation of Jacoboni's tax returns.

24. KPMG submitted bills to Jacoboni for its professional services rendered in connection with the preparation of Jacoboni's tax returns.

25. Jacoboni has not fully paid all of the bills.

26. Jacoboni owes KPMG $9,500.00, plus interest, for KPMG's professional services rendered in connection with the preparation of Jacoboni's tax returns.

27. In 2001, Jacoboni retained KPMG to provide services to him in connection with Internal Revenue Service audits of his 1997, 1998 and 1999 tax returns, and in connection with the audits of Jacoboni Charters, Inc.'s 1997-99 tax returns, and Jacoboni Interests, Inc.'s 1998 tax return and LaBella Charters, Inc.'s 1999 tax return (collectively "the IRS audits").

28. Jacoboni agreed to compensate KPMG for its services to him, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., in connection with the IRS audits.

29. KPMG provided services to Jacoboni, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., in connection with the IRS audits.

30. KPMG submitted bills for Jacoboni for its services to him, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., in connections with the IRS audits.

31. Jacoboni has not paid all of the bills in full.

32. Jacoboni owes KPMG $29,750.00, plus interest, for KPMG's services to him, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., in connection with the IRS audits.

## COUNT I – BREACH OF CONTRACT (IRS AUDITS)

33. KPMG incorporates by reference the allegations contained in Paragraphs 1 through 32, as if fully set forth herein.

34. KPMG and Jacoboni entered into one or more agreements pursuant to which Jacoboni agreed to compensate KPMG in exchange for its services to him,

Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., in connection with the IRS audits.

35. KPMG fully performed its obligations to Jacoboni pursuant to those agreements.

36. KPMG fully performed all conditions precedent to Jacoboni's payment for KPMG's services.

37. Jacoboni materially breached his contract with KPMG by failing to pay KPMG for its services rendered in connection with the IRS audits.

38. Jacoboni's failure to pay KPMG for the services he requested and agreed to pay for constitutes a breach of contract.

39. As a direct result of Jacoboni's breach of contract, KPMG has suffered economic damages of $29,750.00, plus interest.

## COUNT II – BREACH OF CONTRACT (TAX RETURN PREPARATION)

40. KPMG incorporates by reference the allegations contained in Paragraphs 1 through 32, as if fully set forth herein.

41. KPMG and Jacoboni entered into agreements pursuant to which Jacoboni agreed to compensate KPMG in exchange for professional services rendered relating to Jacoboni's tax returns.

42. KPMG fully performed its obligations to Jacoboni pursuant to those agreements.

43. KPMG fully performed all conditions precedent to Jacoboni's payment for KPMG's services.

44. Jacoboni materially breached his contract with KPMG by failing to pay KPMG for its services rendered in relation to Jacoboni's tax returns.

45. Jacoboni's failure to pay KPMG for the services he requested and agreed to pay for constitutes a breach of contract.

46. As a direct result of Jacoboni's breach of contract, KPMG has suffered economic damages of $9,500.00, plus interest.

## COUNT III – OPEN ACCOUNT

47. KPMG incorporates by reference the allegations contained in Paragraphs 1 through 32, as if fully set forth herein.

48. Jacoboni owes the sum of $39,250.00, plus interest, for work performed during 2001, according to the accounts attached hereto as Exhibit "A".

## COUNT IV -- ACCOUNT STATED

49. KPMG incorporates by reference the allegations contained in Paragraphs 1 through 32, as if fully set forth herein.

50. Before the institution of this action, KPMG provided services to Jacoboni.

51. On October 26, 2001, KPMG rendered to Jacoboni statements of amounts owed by Jacoboni to KPMG in amounts totaling $39,250.00. Copies of the invoices are attached hereto as Exhibit "A". Jacoboni did not object to those statements of account.

52. Jacoboni owes KPMG $39,250.00 that is due, with interest, on the account.

## COUNT V – QUANTUM MERUIT

53. KPMG incorporates by reference the allegations contained in Paragraphs 1 through 32, as if fully set forth herein.

54. KPMG performed services for Jacoboni in connection with KPMG's preparation of Jacoboni's tax returns and KPMG's services to Jacoboni, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., regarding the IRS audits.

55. Jacoboni has failed to pay KPMG in full for KPMG's services in connection with KPMG's preparation of Jacoboni's tax returns and KPMG's services to Jacoboni, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., regarding the IRS audits.

56. KPMG has been damaged by Jacoboni's failure to pay KPMG for its services rendered in connection with KPMG's preparation of Jacoboni's tax returns and KPMG's services to Jacoboni, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., regarding the IRS audits.

## COUNT VI – UNJUST ENRICHMENT

57. KPMG incorporates by reference the allegations contained in Paragraphs 1 through 32, as if fully set forth herein.

58. KPMG performed services for Jacoboni in connection with KPMG's preparation of Jacoboni's tax returns and KPMG's services to Jacoboni, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., regarding the IRS audits.

59. Jacoboni knew that KPMG performed services in connection with KPMG's preparation of Jacoboni's tax returns and KPMG's services to Jacoboni, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., regarding the IRS audits.

60. Jacoboni has accepted the benefit of KPMG's services in connection with KPMG's preparation of Jacoboni's tax returns and KPMG's services to Jacoboni, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., regarding the IRS audits.

61. Jacoboni has failed to pay KPMG in full for KPMG's services in connection with KPMG's preparation of Jacoboni's tax returns and KPMG's services to Jacoboni, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., regarding the IRS audits.

62. Jacoboni has been unjustly enriched because he received valuable services from KPMG, and has not paid KPMG the fair value of its services.

## COUNT VII – PROMISSORY ESTOPPEL

63. KPMG incorporates by reference the allegations contained in Paragraphs 1 through 32, as if fully set forth herein.

64. Jacoboni promised to pay KPMG for the services it rendered to him in connection with KPMG's preparation of Jacoboni's tax returns, and for the services it rendered to him and Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., in connection with the IRS audits.

65. KPMG reasonably relied on Jacoboni's promise to pay KPMG when KPMG prepared Jacoboni's tax returns and when KPMG provided services to Jacoboni and Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., in connection with the IRS audits.

66. Jacoboni knew, or reasonably should have known, that KPMG would rely on his promise to pay KPMG for preparing Jacoboni's tax returns and for providing services to Jacoboni and Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., in connection with the IRS audits.

67. KPMG has been injured by Jacoboni's failure to pay KPMG for all service rendered in connection with KPMG's preparation of Jacoboni's tax returns and KPMG's services to Jacoboni, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., regarding the IRS audits.

68. Jacoboni's promise to pay should be enforced to avoid the injustice that would result if he were allowed to retain the benefit of KPMG's services without paying for them.

## COUNT VIII – FRAUD

69. KPMG incorporates by reference the allegations contained in Paragraphs 1 through 32, as if fully set forth herein.

70. Jacoboni has asserted in his Second Amended Complaint that he made numerous material misrepresentations to KPMG in a letter sent to Carolyn Branan on July 29, 1998.

10

71. Jacoboni knew, or was reckless in failing to determine, that his representations were false and misleading.

72. KPMG did not know that Jacoboni's representations were false and misleading. KPMG could not have discovered through reasonable diligence that Jacoboni's representations in the Representation Letter were false and misleading.

73. Jacoboni intended that KPMG would rely on his material misrepresentations.

74. Jacoboni made those misrepresentations knowing that, based on their asserted truth, he would ultimately take a position on his 1997 tax return for which KPMG would compute a lower tax liability, and that the IRS would rely on the correctness of that computation.

75. KPMG reasonably relied on Jacoboni's material misrepresentations.

76. Jacoboni has asserted in his Second Amended Complaint that his 1997 tax return was "illegal and fraudulent." If there is any fraud, it is the sole and direct result of the misrepresentations contained in his Representation Letter, unknown to KPMG.

77. KPMG has been and may be further damaged by Jacoboni's misrepresentations. Although KPMG did not know that Jacoboni had provided KPMG with false information in order that KPMG would issue a tax opinion and prepare Jacoboni's 1997 tax return to reflect the tax benefit of Jacoboni's FLIP transaction, KPMG is subject to audit by the IRS and potential penalties in connection with its preparation of Jacoboni's 1997 tax return as a result of Jacoboni's fraud.

## COUNT IX – CONTRACTUAL INDEMNIFICATION

78.     KPMG incorporates by reference the allegations contained in Paragraphs 1 through 32, as if fully set forth herein.

79.     Jacoboni has claimed that he made assertions to KPMG in the Representation Letter that were false.

80.     KPMG has incurred damage and expense and stands to suffer additional losses arising directly or indirectly from Jacoboni's fraud and false statements to KPMG.

81.     Pursuant to the Engagement Letter, KPMG is entitled to indemnification from Jacoboni for any damages that it may suffer as a direct or indirect result of Jacoboni's admission that he submitted to KPMG a Representation Letter that was "replete with false information regarding his personal knowledge of the KPMG/QA Tax Strategy."

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Counterplaintiff KPMG respectfully requests that the Court enter judgment in its favor as follows:

1.     As to Count I, awarding KPMG $29,750.00, plus interest, which reflects the amount of Jacoboni's unpaid bills for services rendered by KPMG in connection with its services to Jacoboni, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., regarding the IRS audits.

2.     As to Count II, awarding KPMG $9,500.00, plus interest, which reflects the amount of Jacoboni's unpaid bills for services rendered by KPMG in connection with its preparation of Jacoboni's tax returns.

12

3. As to Counts III through VII, awarding KPMG $39,250.00, which reflects the amount of Jacoboni's unpaid bills for services rendered by KPMG in connection with its preparation of Jacoboni's tax returns and in connection with KPMG's services to Jacoboni, Jacoboni Charters, Inc., Jacoboni Interests, Inc., and LaBella Charters, Inc., regarding the IRS audits.

4. As to Counts VIII and IX, awarding KPMG its damages, in an amount to be proven at trial, that result from Jacoboni's misrepresentations to KPMG, and for a declaratory judgment that any fraud relating to Jacoboni's 1997 federal tax return is attributable to, and the fault of, Jacoboni.

5. As to Count VIII, punitive damages against Jacoboni due to his fraudulent representations to KPMG.

6. As to all Counts, prejudgment interest and KPMG's attorneys' fees and costs incurred in bringing this counterclaim.

7. Such other and further relief as this Court deems appropriate.

## JURY TRIAL DEMAND

KPMG hereby demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by facsimile and U.S. Mail to **FRANK A. HAMNER, ESQUIRE**, Gray, Harris & Robinson, P.A., Suite 1400, 301 East Pine Street, P.O. Box 3068, Orlando, FL 32802-3068 and **CAMPBELL KILLEFER, ESQUIRE**, Venable, Baetjer, Howard & Civiletti,

LLP, 1201 New York Avenue, NW, Suite 1000, Washington, D.C. 20005, this 17th

day of February, 2003.

*[signature]*

W.L. KIRK, JR., ESQUIRE
Florida Bar No. 0111973
MICHAEL D. BEGEY, ESQUIRE
Florida Bar No. 0120928
RUMBERGER, KIRK & CALDWELL
A Professional Association
Signature Plaza, Suite 300
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133


JAMES T. PHALEN, ESQUIRE
KEVIN M. DINAN, ESQUIRE
DEMETRIA TITUS, ESQUIRE
KING & SPALDING LLP
1730 Pennsylvania Avenue, N.W.
Washington D.C. 20006-4706
Telephone: (202) 737-0500

Counsel for Defendant KPMG LLP

# 688092



File Copy

October 26, 2001
Invoice: 40707526

**PLEASE REMIT TO:**

KPMG, LLP
Dept. 0613
P.O. BOX 120001
DALLAS, TX 75312-0613

MR. JOSEPH JACOBONI
P.O. BOX 952488
LAKE MARY, FL 32795

TIN: 13-5565207

Business Unit:   US050    Client Number:   60046525
Project Number(s): 10424980

Professional services rendered through October 15, 2001 in connection with the following:

- Preparation and review of Form DR-6011, 2001 Florida Intangible Personal Property Tax Return for Individual and Joint Filers as of January 1, 2001 including:

    - Research and telephone conference with the Florida Department of Revenue regarding the taxability of United States government obligations including Treasury notes, Federal Home Loan Bank notes, Federal Home Loan Mortgage Corp. notes, and Federal National Mortgage Assoc. notes.

    - Telephone conference with Bank of America regarding the proper reporting of U.S. government obligations on the "Florida Intangible Asset Inventory."

    - Analysis of December 31, 2000 financial statements for eWayZone, Jacoboni Transportation, La Bella Charters, Jacoboni Charters, Jacoboni Interests and Robert Thomas Galleries to determine the taxable value for Florida intangible tax purposes.

    - Research and analysis regarding the ability to reduce the value of La Bella Charters by the amount of the outstanding liability secured by the yacht and owed by Joseph Jacoboni personally.

- Preparation and review of Form DR-602, Intangible Personal Property Tax Application for Extension of Time to File Return including a calculation of projected Florida intangible tax liability

- Preparation and review of Form 1040, U.S. Individual Income Tax Return including:

    - Analysis of prior year net operating loss to determine the current year deduction.

    - Analysis of current year net operating loss to determine whether to make a Section 172(b)(3)(C) election to forego the net operating loss carryback.

KPMG LLP. KPMG LLP, a U.S. limited liability partnership, is a member of KPMG International, a Swiss association.

Please Pay By Invoice and
Enclose Remittance Copy

Payment Due
Upon Receipt



Page: 2

- Reconciliation of rental income and expenses on the Palms and Birdsong rental properties including an analysis of general ledger detail to properly classify expenses.

- Preparation and review of attachment to Schedule D for capital gains and losses reported by Brown and Co. to properly classify short term gains and losses and long term gains and losses.

- Preparation and review of Form 6198, At Risk Limitations to calculate the deductibility of the ordinary loss reported on the Schedule K-1 (Form 1120S) received from La Bella Charters.

- Calculation of the limitation on the deductibility of home mortgage interest when the average outstanding mortgage balance exceeds $1,000,000.

- Preparation and Review of Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return.

- Preparation and Review of Form 4688, Application for Additional Extension of Time to File U.S. Individual Income Tax Return.

**Total Due**          $9,500.00

PLEASE PAY BY INVOICE NUMBER AND ENCLOSE REMITTANCE COPY
DUE UPON RECEIPT



File Copy

October 26, 2001
Invoice: 40707531

**PLEASE REMIT TO:**

KPMG, LLP
Dept. 0613
P.O. BOX 120001
DALLAS, TX 75312-0613

TIN: 13-5565207

MR. JOSEPH JACOBONI
P.O. BOX 952488
LAKE MARY, FL 32795

Business Unit: US0S0   Client Number: 60046525
Project Number(s): 10470162, 10424980

Professional services rendered through October 15, 2001 in connection with the following:

Representation concerning the Internal Revenue Service's audit of the following tax returns:

| | |
|---|---|
| Joseph Jacoboni | 1997 – 1999 |
| Jacoboni Charters, Inc. | 1997 – 1999 |
| Jacoboni Interests, Inc. | 1998 |
| La Bella Charters, Inc. | 1999 |

Preparation and review of Form 2848 "Power of Attorney" submitted to the IRS for Mr. Jacoboni's 1997 individual income tax return.

Review of income tax returns for the above entities for the years under examination.

Preparation for June 4, 2001 meeting with Revenue Agent, Mindy Marks, including review of voluminous amount of documents related to the above entities.

Meeting with Revenue Agent, Mindy Marks, and related travel expenses.

Telephone discussions with Joseph Jacoboni and his assistants, Sherryl and Theresa, regarding responses to multiple Internal Revenue Service Information Document Requests.

Preparation and review of responses to Information Document Requests.

Telephone conference with Revenue Agent, Mindy Marks, and Tom Nowinski to discuss Form 872-A.

Preparation and review of projected tax exposure on Joseph Jacoboni's individual income tax returns for the years under examination.



Page: 2

Preparation and review of responses to Information Document Requests for Jacoboni Charters, Jacoboni Interests and La Bella Charters including a review of records provided by Joseph Jacoboni and his assistants, Sherryl and Theresa.

          **Total Due**                **$29,750.00**

**PLEASE PAY BY INVOICE NUMBER AND ENCLOSE REMITTANCE COPY
DUE UPON RECEIPT**