THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

| | |
|---|---|
| JOSEPH J. JACOBONI, <br><br> Plaintiff, <br><br> v. <br><br> KPMG LLP, <br><br> Defendant. | Case No. 6:02-cv-510-Orl-22DAB |

**PLAINTIFF JOSEPH J. JACOBONI'S REPLY AND AFFIRMATIVE
DEFENSES TO KPMG LLP'S AMENDED COUNTERCLAIM**

Plaintiff Joseph J. Jacoboni ("Mr. Jacoboni"), by counsel, hereby states his Reply and Affirmative Defenses to Defendant KPMG, LLP's ("KPMG") Amended Counterclaim. In this Answer, all allegations are denied unless specifically admitted. Any factual allegation that is admitted is admitted only as to specific facts alleged and not as to any conclusion (legal or otherwise), characterizations, implications or speculations which are contained therein, or which may be inferred therefrom. Mr. Jacoboni responds to KPMG's Amended Counterclaim as follows:

## PARTIES

1. Mr. Jacoboni lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

2. Admit.

## JURISDICTION AND VENUE

3. Admit.

4. Deny. Through its Counterclaims, KPMG seeks payment for alleged professional services provided to corporate entities (Jacoboni Charters, Inc., Jacoboni Interests, Inc. and LaBella Charters, Inc.) that are not parties to this case. The allegation that Jacoboni agreed to pay for or was unjustly enriched by services to others is conclusory. Further, KPMG's Counterclaims do not present any federal question, do not seek a sum sufficient for diversity jurisdiction, and the parties are not diverse.

## FACTS

5. Admit. Jacoboni also states that KPMG was to prepare his federal income tax return for 1997, which would reflect any KPMG tax advice. At the time, Mr. Jacoboni did not know the transaction by the name "FLIP."

6. Admit.

7. Mr. Jacoboni admits that the Engagement Letter contains the quoted statement. Mr. Jacoboni also admits that the Engagement Letter states that the "Indemnified Parties shall not be indemnified to the extent such Damages directly and immediately result from KPMG's bad faith or gross negligence." Mr. Jacoboni states further that his execution of this letter was induced by KPMG's fraud and that Mr. Jacoboni eventually signed in July 1998 only under duress and KPMG's undue influence. All other allegations are denied.

8. Mr. Jacoboni admits that KPMG prepared, sent him, and instructed him to sign the Representation Letter. Mr. Jacoboni denies that the Representation Letter accurately reflected KPMG's understanding of the details relating to FLIP transactions. Mr. Jacoboni lacks knowledge or information sufficient to form a belief as to the truth of the remainder of this allegation.

9. Deny.

10 Mr. Jacoboni denies that this was the purpose of the Representation Letter. Mr. Jacoboni lacks knowledge or information sufficient to form a belief as to the truth of the remainder of this allegation.

11. Mr. Jacoboni admits that KPMG was aware of, but nonetheless fraudulently concealed from Mr. Jacoboni, facts "that were contrary to or were inconsistent with those reflected" in the Representation Letter. Mr. Jacoboni lacks knowledge or information sufficient to form a belief as to the truth of the remainder of this allegation.

12. Admit.

13. Mr. Jacoboni admits the following facts. At KPMG's direction and demand, he signed the Representation Letter that was prepared by KPMG. He did this based on KPMG's false and misleading assurances that the information contained in the Letter was accurate, based on KPMG's false and misleading statements regarding the purpose of the Letter, and based on KPMG's assertion that, despite the fact that KPMG had received considerable transaction fees from Mr. Jacoboni, it would not prepare and file his 1997 tax return unless he signed the Representation Letter. Through its preparation of the Representation Letter and its fraudulent conduct to induce Mr. Jacoboni to sign it, KPMG accomplished its plan: to have Mr. Jacoboni attest to facts that KPMG knew to be false and which had been totally supplied to him by KPMG, so that KPMG could create a false record in an effort to insulate itself from liability in the future. KPMG is now using its fraudulent conduct and inducement of Mr. Jacoboni, who was assured that he could trust KPMG and could trust its representations, as a defense and counterclaim to injure its former client. All other allegations are denied.

14. Mr. Jacoboni admits that his Second Amended Complaint addresses the following facts. At KPMG's direction and demand, he signed the Representation Letter that was prepared by

3

KPMG. He did this based on KPMG's false and misleading assurances that the information contained in the Letter was accurate, based on KPMG's false and misleading statements regarding the purpose of the Letter, and based on KPMG's assertion that, despite the fact that KPMG had received considerable transaction fees from Mr. Jacoboni, it would not prepare and file his 1997 tax return unless he signed the Representation Letter. Through its preparation of the Representation Letter and its fraudulent conduct to induce Mr. Jacoboni to sign it, KPMG accomplished its plan: to have Mr. Jacoboni attest to facts that KPMG knew to be false and which had been totally supplied to him by KPMG, so that KPMG could create a false record in an effort to insulate itself from liability in the future. KPMG is now using its fraudulent conduct and inducement of Mr. Jacoboni, who was assured that he could trust KPMG and could trust its representations, as a defense and counterclaim to injure its former client. All other allegations are denied.

15. Mr. Jacoboni admits that he retained KPMG to prepare his 1997 tax return. All other allegations are denied.

16. Deny. Mr. Jacoboni also states that it is *not* "his" Representation Letter, but KPMG's fraudulently prepared letter.

17. Mr. Jacoboni admits that in 1998 KPMG knowingly prepared an illegal and fraudulent tax return on behalf of Mr. Jacoboni. All other allegations are denied.

18. Deny.

19. This Paragraph states a legal conclusion for which no response is required. Further, Mr. Jacoboni lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

4

20. Mr. Jacoboni admits that he understands that KPMG is under audit with the IRS because of KPMG's unlawful promotion of illegal, abusive tax shelters. Mr. Jacoboni denies that KPMG has an "innocent role." Mr. Jacoboni lacks knowledge or information sufficient to form a belief as to the truth of the remainder of this allegation.

21. Admit.

22. Mr. Jacoboni admits that he agreed to compensate KPMG for services performed for him that were rendered properly. Mr. Jacoboni further admits that he was fraudulently induced to enter any agreement with KPMG and that KPMG breached any agreement prior to any alleged breach by Jacoboni. All other allegations are denied.

23. Deny.

24. Mr. Jacoboni admits that he received KPMG bills but denies that its bills correctly state any amount due and denies that KPMG rendered "professional" services. All other allegations are denied.

25. Mr. Jacoboni admits that he has not paid the amount that KPMG claimed was due in its bills. All other allegations are denied.

26. Deny.

27. Mr. Jacoboni admits that he retained KPMG to provide certain services to him in connection with IRS audits of his tax returns. Mr. Jacoboni further admits that he was fraudulently induced to enter any agreement with KPMG and that KPMG breached any agreement prior to any alleged breach by Jacoboni. All other allegations are denied.

28. Mr. Jacoboni admits that he agreed to pay KPMG for services that were rendered properly to him in connection with the IRS audit. Mr. Jacoboni further admits that he was

fraudulently induced to enter any agreement with KPMG and that KPMG breached any agreement prior to any alleged breach by Jacoboni. All other allegations are denied.

29. Deny.

30. Mr. Jacoboni admits that he received KPMG bills but denies that its bills correctly state any amount due and denies that KPMG rendered "professional" services. All other allegations are denied.

31. Mr. Jacoboni admits that he has not paid the amount that KPMG claimed was due in its bills. All other allegations are denied.

32. Deny.

## RESPONSE TO COUNT I

33. Mr. Jacoboni incorporates by reference the responses contained in Paragraphs 1-32.

34. Mr. Jacoboni admits that he entered into an agreement with KPMG to compensate KPMG in exchange for services properly rendered to him by KPMG in connection with the IRS audits. Mr. Jacoboni further admits that he was fraudulently induced to enter any agreement with KPMG and that KPMG breached any agreement prior to any alleged breach by Jacoboni. All other allegations are denied.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

## RESPONSE TO COUNT II

40. Mr. Jacoboni incorporates by reference the responses contained in Paragraphs 1-32.

41. Mr. Jacoboni admits that he entered into an agreement with KPMG to compensate KPMG for services properly rendered in relation to Mr. Jacoboni's tax returns. Mr. Jacoboni further admits that he was fraudulently induced to enter any agreement with KPMG and that KPMG breached any agreement prior to any alleged breach by Jacoboni. All other allegations are denied.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

## RESPONSE TO COUNT III

47. Mr. Jacoboni incorporates by reference the responses contained in Paragraphs 1-32.

48. Deny.

## RESPONSE TO COUNT IV

49. Mr. Jacoboni incorporates by reference the responses contained in Paragraphs 1-32.

50. Admit.

51. Mr. Jacoboni admits that KPMG rendered statements of $9,500 and $29,750 to him and that copies of statements are attached to KPMG's Amended Counterclaim. All other allegations are denied.

52. Deny.

## RESPONSE TO COUNT V

53. Mr. Jacoboni incorporates by reference the responses contained in Paragraphs 1-32.

7

54. Mr. Jacoboni admits that KPMG performed services for him in connection with the preparation of his tax returns and in connection with the IRS audits. Mr. Jacoboni denies that he received any benefit from those services or that there was any value to those services. All other allegations are denied.

55. Deny.

56. Deny.

## RESPONSE TO COUNT VI

57. Mr. Jacoboni incorporates by reference the responses contained in Paragraphs 1-32.

58. Mr. Jacoboni admits that KPMG performed services for him in connection with the preparation of his tax returns and in connection with the IRS audits. Mr. Jacoboni denies that he received any benefit from those services or that there was any value to those services. All other allegations are denied.

59. Mr. Jacoboni admits that KPMG performed services for him in connection with the preparation of his tax returns and in connection with the IRS audits. Mr. Jacoboni denies that he received any benefit from those services or that there was any value to those services. All other allegations are denied.

60. Mr. Jacoboni admits that KPMG performed services for him in connection with the preparation of his tax returns and in connection with the IRS audits. Mr. Jacoboni denies that he received any benefit from those services or that there was any value to those services. All other allegations are denied.

61. Deny.

62. Deny.

8

## RESPONSE TO COUNT VII

63. Mr. Jacoboni incorporates by reference the responses contained in Paragraphs 1-32.

64. Mr. Jacoboni admits that he entered into an agreement with KPMG to compensate KPMG for services properly rendered to him for preparation of Mr. Jacoboni's tax returns and in connection with the IRS audits. Mr. Jacoboni further admits that he was fraudulently induced to enter any agreement with KPMG and that KPMG breached any agreement prior to any alleged breach by Jacoboni. All other allegations are denied.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

## RESPONSE TO COUNT VIII

69. Mr. Jacoboni incorporates by reference the responses contained in Paragraphs 1-32.

70. Mr. Jacoboni admits that his Second Amended Complaint addresses the following facts. At KPMG's direction and demand, he signed the Representation Letter that was prepared by KPMG. He did this based on KPMG's false and misleading assurances that the information contained in the Letter was accurate, based on KPMG's false and misleading statements regarding the purpose of the Letter, and based on KPMG's assertion that, despite the fact that KPMG had received considerable transaction fees from Mr. Jacoboni, it would not prepare and file his 1997 tax return unless he signed the Letter. Through its preparation of the Representation Letter and its fraudulent conduct to induce Mr. Jacoboni to sign it, KPMG accomplished its plan: to have Mr. Jacoboni attest to facts that KPMG knew to be false and which had been totally supplied to him by KPMG, so that KPMG could create a false record in

an effort to insulate itself from liability in the future. KPMG is now using its fraudulent conduct and inducement of Mr. Jacoboni, who was assured that he could trust KPMG and could trust its representations, as a defense and counterclaim to injure its former client. All other allegations are denied.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Mr. Jacoboni denies that he made any material misrepresentations. All other allegations are denied.

76. Mr. Jacoboni admits that he asserts that in 1998 KPMG knowingly prepared an illegal and fraudulent tax return for Mr. Jacoboni. All other allegations are denied.

77. Deny.

## RESPONSE TO COUNT IX

78. Mr. Jacoboni incorporates by reference the responses contained in Paragraphs 1-32.

79. Mr. Jacoboni admits the following facts. At KPMG's direction and demand, he signed the Representation Letter that was prepared by KPMG. He did this based on KPMG's false and misleading assurances that the information contained in the Letter was accurate, based on KPMG's false and misleading statements regarding the purpose of the Letter, and based on KPMG's assertion that, despite the fact that KPMG had received considerable transaction fees from Mr. Jacoboni, it would not prepare and file his 1997 tax return unless he signed the Letter. Through its preparation of the Representation Letter and its fraudulent conduct to induce Mr. Jacoboni to sign it, KPMG accomplished its plan: to have Mr. Jacoboni attest to facts that KPMG

10

knew to be false and which had been totally supplied to him by KPMG, so that KPMG could create a false record in an effort to insulate itself from liability in the future. KPMG is now using its fraudulent conduct and inducement of Mr. Jacoboni, who was assured that he could trust KPMG and could trust its representations, as a defense and counterclaim to injure its former client. All other allegations are denied.

80. Deny.

81. Deny.

## FIRST AFFIRMATIVE DEFENSE

KPMG's Counterclaims fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part because it did not properly render services for preparation of his tax returns or in connection with the IRS audits, such that Mr. Jacoboni received no benefit from and there was no value to any services. KPMG's negligence in preparing and forwarding certain returns to Mr. Jacoboni for his signature directly led to the IRS assessing delinquency penalties for late filing, which KPMG is liable to pay on behalf of Mr. Jacoboni.

## THIRD AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part, and the amount of any recovery is limited, by the doctrines of setoff and/or recoupment in that, *inter alia*, KPMG's services for preparation of his tax returns and/or in connection with the IRS audits caused Mr. Jacoboni more substantial damages than KPMG can or may recover. Moreover, KPMG's fees were excessive.

## FOURTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part because KPMG obtained any agreement with Mr. Jacoboni through its fraudulent inducement of Mr. Jacoboni.

## FIFTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part because KPMG breached any agreement with Mr. Jacoboni prior to any alleged breach by Mr. Jacoboni.

## SIXTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part by the doctrine of rescission given that any agreement with Mr. Jacoboni was procured by KPMG's fraud.

## SEVENTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part because KPMG has unclean hands and engaged in inequitable conduct.

## EIGHTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part because KPMG seeks payment for services allegedly rendered to non-parties to this case.

## NINTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part by the applicable Florida statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part because this Court lacks subject matter jurisdiction.

## ELEVENTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part by the statute of frauds.

## TWELFTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part by failure of consideration and/or lack of mutuality of obligation.

## THIRTEENTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part by the doctrine of illegality in that, *inter alia*, KPMG's services for preparation of his tax returns and/or in connection with the IRS audits exposed Mr. Jacoboni to violation of federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part, and the amount of any recovery is limited, by its failure to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part by the doctrines of waiver, acquiescence, and/or estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

KPMG's Counterclaims are barred in whole or in part because KPMG did not rely on any statements by Mr. Jacoboni and statements by Mr. Jacoboni did not cause any injury to KPMG.

WHEREFORE, Plaintiff Joseph P. Jacoboni denies that KPMG LLP is entitled to any of the requested relief and prays that its Counterclaims be dismissed.

[CONTINUING ON THE NEXT]

Dated: March 10, 2003

Respectfully submitted,

/s/ Frank A. Hamner

Frank A. Hamner, Esq.
Florida Bar No. 0059153
Richard Mitchell, Esq.
GRAY, HARRIS & ROBINSON, P.A.
Suite 1400, 301 East Pine Street
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880 Telephone
(407) 244-5690 Facsimile

and

Campbell Killefer
Damon W.D. Wright
VENABLE, BAETJER, HOWARD
 & CIVILETTI, LLP
1201 New York Avenue, N.W. Suite 1000
Washington, D.C. 20005
(202) 962-4800 Telephone
(202) 962-8300 Facsimile

Counsel for Plaintiff
Joseph J. Jacoboni

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by the indicated methods upon Defendant's counsel this 6th day of March 2003:

W.L. KIRK, JR., ESQUIRE
Florida Bar No. 0111973
MICHAEL D. BEGEY, ESQUIRE
Florida Bar No. 0120928
RUMBERGER, KIRK & CALDWELL
A Professional Association
Signature Plaza, Suite 300
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300 Telephone
(407) 841-2133 Facsimile
(Hand-Delivered)

*Of Counsel:*
JAMES T. PHALEN, ESQUIRE
KING & SPALDING
1730 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4706
(202) 737-0500 Telephone
(202) 626-3737 Facsimile
(U.S. Mail, Postage Paid)

Counsel for Defendant KPMG LLP

_____
Richard Mitchell

\27372\4 - # 152025 v1