UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH J. JACOBONI

      Plaintiff,

vs.                              Case No. 6:02-cv-510-Orl-22DAB

KPMG LLP,

      Defendant.

_____/

## DEFENDANT KPMG'S MEMORANDUM OF LAW IN SUPPORT OF ITS DISPOSITIVE MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant KPMG, by counsel and pursuant to Fed. R. Civ. P. 12(c), respectfully submits this Memorandum of Law in support of its Motion for Judgment on the Pleadings.

## INTRODUCTION

Plaintiff Joseph Jacoboni ("Plaintiff" or "Jacoboni") alleges that Defendant KPMG LLP ("KPMG") used various misrepresentations and omissions to induce him to engage in a series of purchases and sales of Union Bank of Switzerland ("UBS") stock and options that generated approximately $8 million in tax deductions, which the Internal Revenue Service ("IRS") is now examining. In the apparent hope of a treble damage windfall, Plaintiff has made the RICO statute, 18 U.S.C. §§ 1961-1962, 1964, the centerpiece of his Complaint.

144

Plaintiff's Complaint is fatally flawed because the RICO statute itself explicitly bars plaintiffs from "rely[ing] upon any conduct that would have been actionable as fraud in the purchase or sale of securities." 18 U.S.C. § 1964(c).[1]   Under § 1964(c), Plaintiff is precluded from bringing his RICO claim against KPMG.

If the Court dismisses Plaintiff's RICO claim, then it also should dismiss his state law claims for lack of subject matter jurisdiction because the federal RICO statute is the only asserted basis of federal jurisdiction over Plaintiff's claims.

## FACTUAL BACKGROUND

### A.      The Transactions At Issue In This Case

The Complaint alleges that in 1997, Mr. Jacoboni earned approximately $28 million from the sale of Software Support, Inc., of which he was the founder and an executive.   (Second Amended Complaint (hereinafter "Complaint") at ¶ 6.)[2]   Mr. Jacoboni's bankers at First Union introduced Mr. Jacoboni to KPMG, which allegedly discussed a series of investments known as the Foreign Leveraged Investment Program ("FLIP") with Mr. Jacoboni.   (*Id.* at ¶¶ 8-9, 11.)   The FLIP transaction was composed of a series of purchases and sales of stock and options in non-party UBS and of a warrant

---

[1] The United States District Court for the Southern District of Florida recently relied on § 1964(c) to dismiss a RICO claim in similar circumstances. *See Loftin v. KPMG et al.*, Case No. 02-81166-CIV-RYSKAMP/VITUNAC (S.D. Fla. Sept. 10, 2003) (attached as Ex. 1.)  In *Loftin*, the plaintiff brought allegations against KPMG similar to those in the present case.  The court in *Loftin* granted KPMG's motion to dismiss on the pleadings based on § 1964(c).  (*Id.*)

[2] The facts discussed in this motion merely reflect the allegations in Plaintiff's Complaint.  KPMG does not agree that Plaintiff's allegations are accurate, and it specifically reserves the right to challenge Plaintiff's allegations at an appropriate stage in the proceedings.

from non-party Jacaranda Capital, Inc. ("Jacaranda"). (*Id.* at ¶ 9.) Before the end of 1997, Mr. Jacoboni paid the relevant transaction fees, (*id.* at ¶ 15), and Plaintiff engaged in the series of purchases and sales of stock and options in UBS and the warrant from Jacaranda, (*id.* at ¶ 9.)

On July 26, 2001, the IRS issued Notice 2001-45 (2001-33 IRB 129) providing that "certain types of transactions utilizing foreign corporations *could* be subject to disallowance for tax purpose, interest on unpaid taxes and possible penalties." (emphasis added). In late summer 2001, the IRS initiated an audit of Plaintiff's 1997 return. (Complaint at ¶ 25.)

## ARGUMENT

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate when a plaintiff cannot prove any set of facts consistent with the allegations of his complaint that would entitle him to relief.[3] *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002); *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001). A Rule 12(c) motion is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *See Atlantic Richfield v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Therefore, on a defendant's motion for judgment on the pleadings, facts pled in the complaint are accepted as true. *See Slagle v. ITT Hartford Ins. Group*, 904 F. Supp. 1346, 1347 (N.D. Fla. 1995), *aff'd, Slagle v. ITT Hartford*, 102 F.3d 494. Similar to a Rule 56 motion for summary judgment, the facts are viewed in a light favorable to

---

[3] A party may move for judgment on the pleadings at any time "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c).

the non-moving party. *See Latecoere Intl., Inc. v. U.S. Dept. of Navy*, 19 F.3d 1342, 1357 (11th Cir. 1994).

Although the facts pled in the Complaint are accepted as true, the Court is *not* "obliged to ignore any facts set forth in the Complaint that undermine the Plaintiff's claim or to assign any weight to unsupported conclusions of law." *Northern Indiana Gun & Outdoor v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *RJR Serv, Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). Entry of a Rule 12(c) judgment on the pleadings is appropriate where no issue of material fact is disputed, and the moving party is entitled to judgment as a matter of law. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999), citing *Ortega v. Christian*, 85 F.3d 1521, 1524-25 (11th Cir. 1996).

In the instant case, accepting as true the facts pled in Plaintiff's Second Amended Complaint, 18 U.S.C. § 1964(c) prohibits Plaintiff's RICO action against KPMG. Judgment on the pleadings in KPMG's favor is appropriate at this time. *See Mergens*, 166 F.3d at 1114.

## I.     THE RICO CLAIM AGAINST KPMG SHOULD BE DISMISSED

### A.     The RICO Statute Prohibits Plaintiffs From Asserting A RICO Claim Based On Alleged Conduct That Would Have Been Actionable as Securities Fraud

"[N]o person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962" unless the person who committed such fraudulent conduct has been criminally convicted. 18 U.S.C. § 1964(c).

This provision precludes plaintiffs from asserting RICO claims based on predicate acts that could have given rise to claims of securities fraud, regardless of whether the RICO claims are actually pleaded as patterns of securities fraud, mail fraud, wire fraud, or some other RICO predicates. *See Florida Evergreen Foliage v. E.I. Du Pont De Nemours and Co.*, 165 F. Supp. 2d 1345, 1356 (S.D. Fla. 2001), *aff'd Greenleaf Nursery v. E.I. DuPont de Nemours & Co.*, 2003 W.L. 21949591 (11th Cir. 2003) (quoting 18 U.S.C. § 1964(c) (Ex. 2)); *Bald Eagle Area School District v. Keystone Financial Inc.*, 189 F.3d 321, 329-330 (3d Cir. 1999); *see generally* J. Rakoff and H. Goldstein, *RICO Civil and Criminal Law and Strategy*, § 2.02[2] at 2-19 (2002) ("even mail or wire fraud RICO claims may be dismissible if they could have been framed as securities fraud claims") (note omitted). This statutory bar is applicable even if the plaintiffs in the RICO case could not have actually asserted the alleged securities fraud themselves. *E.g.*, *Howard v. America Online Inc.*, 208 F.3d 741, 749-50 (9th Cir.) (conduct would have been actionable as securities fraud even though pleaded as mail and wire fraud and plaintiffs did not have standing to assert securities fraud), *cert. denied*, 531 U.S. 828 (2000); *Florida Evergreen Foliage*, 165 F. Supp. at 1359 (same).

Numerous courts have dismissed RICO claims on this ground. *E.g.*, *Bald Eagle*, 189 F.3d at 329-330 (alleged acts of mail, wire and bank fraud were "so closely connected to and dependent upon conduct undertaken in connection with the purchase or sale of securities that it was actionable as securities fraud"); *Burton v. Ken-Crest Serv., Inc.*, 127 F. Supp. 2d 673, 676 (E.D. Pa. 2001) (dismissing RICO claim despite plaintiff's attempts to characterize securities fraud as "theft"); *Aries Aluminum Corp. v. King*, No.

98-4108, 1999 WL 801523, at *1-3 (6th Cir. Sept. 30, 1999) (unpublished) (alleged fraud was "linked with the sale and purchase of securities," even though securities were nonexistent) (attached at Ex. 3.)

In *Loftin v. KPMG et al.*, Case No. 02-81166-CIV-RYSKAMP/VITUNAC (S.D. Fla. Sept. 10, 2003) (attached as Ex. 1), the United States District Court for the Southern District of Florida dismissed a complaint containing allegations that are virtually indistinguishable from the present case. In *Loftin*, just as here, the plaintiff asserted that KPMG misrepresented that a series of purchases and sales of stock, options, and warrants in third party entities[4] was proper and that Loftin had a realistic opportunity to make a profit or incur a large capital loss. (*Compare* Loftin Order at 3 (attached at Ex. 1), *with* Plaintiff's Complaint at ¶ 9.) And, just as in the present case, the plaintiff in *Loftin* alleged that KPMG committed mail and wire fraud through alleged misrepresentations and omissions that allegedly induced Mr. Loftin to engage in a series of stock, option, and warrant purchases and sales. (*See* Loftin Order at 3, 8.) The court in *Loftin* held that § 1964(c) barred the plaintiff's RICO claim because the alleged mail and wire fraud predicate acts "would be actionable under [the securities laws, specifically] 15 U.S.C. § 78j(b) and SEC rule 10b-5." (*Loftin* Order at 9 (attached at Ex. 1).)[5]

---

[4] In *Loftin*, the plaintiff had engaged in the FLIP transaction, as well as a separate transaction called the BLIP transaction.

[5] In so ruling, the court in *Loftin* rejected the arguments that the statutory bar did not apply because KPMG was not the issuer of the securities; because KPMG's alleged misrepresentations "did not relate to the value of the securities"; and because "the sale of securities was incidental to" the alleged fraud. (*Loftin* Order at 10-11.)

Here, just as in *Loftin*, the applicability of §1964(c)'s statutory bar is clear. Plaintiff alleges that KPMG fraudulently induced him to enter into a series of purchases and sales of stock and options in UBS and a warrant from Jacaranda, in part based on the potential for Plaintiff to claim collateral tax benefits.[6]  (See Complaint at ¶¶ 8-9.)  The present case, just like *Loftin*, falls within the statutory bar against claims that allege "conduct that would have been actionable" as securities fraud, if, among other things, they had been asserted by the proper plaintiff within the applicable statute of limitations. *E.g., Loftin Order at 9*; *Freschi v. Grand Coal Venture*, 767 F.2d 1041 (2d Cir. 1985) (involving investors in coal leases purchased to mitigate taxes), *cert. granted, judgment vacated and remanded for reconsideration*, 478 U.S. 1015, *on remand*, 800 F.2d 305, *as amended*, 806 F.2d 17 (2d Cir. 1986); *DCD Programs, Ltd. v. Leighton*, 90 F.3d 1442 (9th Cir. 1996) (involving investors in limited partnership interest seeking tax advantages

---

[6] KPMG is not contending that the FLIP tax strategy undertaken by Plaintiff constituted a securities transaction in itself.  It contends that the Complaint alleges misrepresentations in connection with the sale of UBS shares which triggers the bar of civil RICO claims by the Private Securities Litigation Reform Act of 1995, 18 U.S.C. § 1964(c).  *See Florida Evergreen*, 165 F. Supp. 2d at 1356-57, *aff'd Greenleaf Nursery v. E.I. DuPont de Nemours & Co.*, 2003 W.L. 21949591 (11th Cir. 2003).

arising from research and development expenditures).[7] For that reason, Plaintiff is barred from bringing his RICO claim.

*Florida Evergreen Foliage* also is on point. In that case, plaintiffs alleged that defendant committed various mail and wire frauds that caused them to settle a litigation for less than it was worth. The defendant argued that since the same alleged misconduct was the subject of another securities case, it could not give rise to a RICO claim. The court granted the motion to dismiss the RICO claims, even though the plaintiffs were not in a position actually to bring a securities fraud claim against the defendant. *Florida Evergreen*, 165 F. Supp. 2d at 1358; *cf. Burton*, 127 F. Supp. 2d at 676 (rejecting "efforts to elude the [statutory bar] by pleading predicate acts that, while not securities fraud by name, are actionable as securities fraud and are 'undertaken in connection with the purchase and sale of securities.'" (quoting *Bald Eagle*, 189 F.3d at 329-30)). Plaintiff's claim should be dismissed for the same reason.

## II.   BECAUSE THE RICO STATUTE IS THE SOLE ASSERTED BASIS FOR THIS COURT'S JURISDICTION, THE COURT SHOULD DISMISS

---

[7] Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) provides "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . . (b) To use or employ, in connection with the purchase or sale of any security registered on a   national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest for the protection of investors." In addition, SEC Rule 10b-5 provides; "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,  . . . . (2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they were made, not misleading, or (3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

**PLAINTIFF'S STATE LAW CLAIMS FOR LACK OF JURISDICTION IF IT RENDERS JUDGMENT ON THE PLEADINGS AS TO HIS RICO COUNT**

If this Court renders judgment on the pleadings as to the RICO count, the Court should dismiss Plaintiff's remaining state law claims because the RICO statute is Plaintiff's sole asserted basis for federal court subject matter jurisdiction. (Complaint at ¶ 4.) Plaintiff does not assert any other basis for federal jurisdiction over the remaining state law claims; he simply asks the Court to exercise supplemental jurisdiction. The Court, therefore, should dismiss all of Plaintiff's claims.[8] *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[T]he district court granted Defendant-Appellees' motion for judgment on the pleadings with respect to all claims over which the court had original jurisdiction. As all of the federal claims were dismissed before trial, the district court appropriately declined to exercise supplemental jurisdiction over Plaintiffs-Appellants' remaining state claim.") (internal quotation marks omitted); *see also Ferguson v. Credit Management Control, Inc.*, 140 F. Supp. 2d 1293, 1303 (M.D. Fla. 2001) ("Dismissal is completely within the district court's discretion, and is proper when the federal claims are dismissed before trial leaving only the resolution of state law claims."); *Chamberlain Mfg. Corp. v. Maremont Corp.*, 919 F. Supp. 1150, 1158 (N.D.

---

[8] Jacoboni alleges seven causes of action against KPMG, but only one—the RICO statute—provides a possible basis for federal jurisdiction. Plaintiff alleges: (1) civil RICO (18 U.S.C. § 1961 *et seq.*) (*id.* at ¶¶ 33-48); (2) breach of contract (*id.* at ¶¶ 49-55); (3) accountant malpractice (*id.* at ¶¶ 56-62); (4) fraud (*id.* at ¶¶ 63-72); (5) negligent misrepresentation (*id.* at ¶¶ 73-83); (6) promissory estoppel (*id.* at ¶¶ 84-88); and (7) a violation of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. ch. 501.201 *et seq.*) (*id.* at ¶¶ 89-94). While federal law applies to Jacoboni's RICO claim, Florida state law applies to his state claims. *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001); *Veale v. Citibank, FSB*, 85 F.3d 577, 580 (11th Cir. 1996).

9

Ill. 1996) ("Where all federal claims are dismissed before trial, we should dismiss the supplemental claims absent extraordinary circumstances.").

## CONCLUSION

For the reasons set forth above, KPMG respectfully request that the Court render judgment on the pleadings in KPMG's favor.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to **FRANK A. HAMNER, ESQUIRE**, Gray, Harris & Robinson, P.A., Suite 1400, 301 East Pine Street, P.O. Box 3068, Orlando, FL 32802-3068 and **CAMPBELL KILLEFER, ESQUIRE**, Venable LLP, Terrell Place, 575 7th Street NW, Washington, D.C. 20004-1601, this 5 th day of November, 2003.

W.L. KIRK, JR., ESQUIRE
Florida Bar No. 0111973
MICHAEL D. BEGEY, ESQUIRE
Florida Bar No. 0120928
RUMBERGER, KIRK & CALDWELL
A Professional Association
Signature Plaza, Suite 300
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone:    (407) 872-7300
Telecopier:   (407) 841-2133

JAMES T. PHALEN, ESQUIRE
KEVIN M. DINAN, ESQUIRE
KING & SPALDING LLP
1730 Pennsylvania Avenue, N.W.
Washington D.C. 20006-4706
Telephone:    (202) 737-0500

JOSEPH B. HAYNES, ESQUIRE

KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303
Telephone:    (404) 572-4600

Counsel for Defendant KPMG LLP

# 720100

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

EXHIBITS

# ** REFER TO COURT FILE **